Ruby L. WOOD, Appellant,

v.

Cleveland E. WOOD, Appellee.

No. 15933.

Court of Civil Appeals of Texas.

Fort Worth.

Feb. 6, 1959.

Rehearing Denied March 13, 1959.

Roger W. Crampton, Wichita Falls, for appellant.

Mitchell & Baxter, and Titus T. Mitchell, Wichita Falls, for appellee.

Donald E. Short, County Atty., Wichita County, Wichita Falls, amicus curiae for Wichita County.

MASSEY, Chief Justice.

Ruby L. Wood, defendant in judgment in a divorce suit, appealed from said judgment to this court, contending that the act of the trial court in exercising jurisdiction in the divorce suit of her husband was void as a special law under the Constitution of Texas, art. 3, § 56, Vernon's Ann.St., and constituted a denial of the equal protection clause of the Federal Constitution, Amend. 14, in that no provision was made in the 1957 amendment of Article 4631 Vernon's Ann.Civ.St., for the rights of spouses of military persons against whom the latter, as a special class, were authorized to bring and prosecute suits for divorce in the courts of Texas.

The article in question, in view of the amendment in 1957, provided that for purposes of suits for divorce a person serving in a military branch of the United States who was not previously a citizen of the State of Texas would be deemed an actual bona fide inhabitant of the state provided he (or she) had been stationed in a military installation, or installations, in the state for a continuous period of twelve (12) months next preceding the date petition for divorce was filed, and an actual bona fide resident of the county in which the suit for divorce was filed provided he (or she) had been stationed in such an installation, or installations, in the county for a continuous period of six (6) months next preceding the date petition therefor was filed.

We certified the Constitutional questions to the Supreme Court and that Court, in an opinion rendered on January 28, 1959, Wood v. Wood, Tex., 320 S.W.2d 807, upheld the constitutionality of the statute under attack. That opinion is referred to for a discussion of the law. There is no dispute upon the facts, and the parties concede that if the statute does not contravene the Federal or State Constitutions the decree of divorce entered below is a valid one.

As is to be noted from the Supreme Court opinion in answering certified questions there is no other question before us as to which our appellate jurisdiction is invoked.

The judgment decreeing a divorce is affirmed.