**John R. MILLER, Appellant,**

**v.**

**Josephine MILLER, Appellee.**

**No. 7618.**

Court of Civil Appeals of Texas.

Amarillo.

May 16, 1966.

Tom Upchurch, Jr., Amarillo, for appellant.

James R. Gillespie, San Antonio, for appellee.

NORTHCUTT, Justice.

John R. Miller on April 6, 1965, sued Josephine Miller in the Domestic Relations Court in and for Potter County, Texas, seeking a divorce. The case was called for hearing and both parties announced ready for trial. The question of Mr. Miller's residence as being a bona fide resident of Potter County, Texas, was raised and after a hearing the trial court held he was not a bona fide resident of Potter County, Texas, at the time of filing his petition herein and dismissed the suit. From that order Mr. Miller perfected this appeal and will hereafter be referred to as appellant.

Appellant alleged in his original petition that he was a member of the Armed Forces, the United States Air Force, stationed at Amarillo Air Force Base, Amarillo, Texas, and had lived in the State of Texas for more than twelve months continuously prior to the filing of this suit and had resided in Potter County, Texas, for six months next preceding the filing of his petition.

Mrs. Miller, appellee here, filed her answer and cross-action. In her answer and cross-action she alleged that appellant was a resident of Potter County, Texas. There is no question raised in this case as to the appellant's residence being in the State of Texas. The sole question here to be determined is whether appellant could maintain this action in Potter County, Teaxs.

We are familiar with the rule that the question of residence as a qualification for bringing divorce actions is a fact issue to be determined by the trial court and the trial court's findings will not be disturbed on appeal unless there is a clear abuse of discretion. The parties to this suit were separated on February 14, 1963, and from that date have lived separate and apart. Consequently, appellant had the right to establish his home anywhere he chose. Smith v. Smith, Tex.Civ.App., 311 S.W.2d 947; Wood v. Wood, 159 Tex. 350, 320

S.W.2d 807. Appellant had been stationed in a military installation in Potter County, Texas, more than two years before filing his petition in this case. Appellant was a citizen of the State of Ohio when he was first inducted into the military service of the United States.

Article 4631, Vernon's Ann.Tex.Civ.St., does not raise a jurisdictional question as we view the second paragraph of that Article, but determines the qualifications of the appellant to permit him to bring this action in Potter County. That paragraph is as follows:

> "Any person serving in a military branch of the United States who was not previously a citizen of the State of Texas and who at the time of filing a petition for divorce has been stationed in a military installation or installations in the State of Texas for a continuous period of twelve (12) months next and in the county where the suit is filed for a continuous period of six (6) months next preceding the filing of same, shall for the purposes hereof be deemed to be an

actual bona fide inhabitant and resident respectively of the State of Texas and of the county where such military installation is located."

"The right to apply for or obtain a divorce is not a natural one, but is accorded only by reason of statute, and the state has the right to determine who are entitled to use its courts for that purpose and upon what conditions they may do so." 17 Am. Jur., Divorce and Separation, Sec. 8, p. 259. See also Wood v. Wood, supra and Tex.Civ. App., 321 S.W.2d 323.

■ We are of the opinion, and so hold, Article 4631 gives the appellant the right to maintain this suit in Potter County, Texas, since he has been serving in a military branch of the United States and stationed in a military installation in the State of Texas and in the County of Potter for a continuous period of more than two years prior to filing this suit. We hold the trial court erred in dismissing the case. Judgment of the trial court is reversed and remanded.